IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Michael J. Ferola, #291941, | ) CIVIL ACTION NO. 9:16-0547-RBH-BM |
|  )  |  |
| Plaintiff, ) |  |
|  )  |  |
| v. ) |  |
|  ) | **REPORT AND RECOMMENDATION** |
| Michael McCall, Levern Cohen, ) |  |
| Sgt. Michael Washington, Dennis ) |  |
| Paterson, D. Mervin, and Bernard McKie, ) |  |
|  )  |  |
| Defendants. ) |  |
| _____) |  |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights by the named Defendants. Plaintiff has dismissed three of the originally named Defendants in this action: The South Carolina Department of Corrections, David Tatarsky and Stephen Lunsford. Plaintiff has also withdrawn some of the claims originally asserted in this lawsuit, to wit: 1) retaliation claim, 2) denial of access to Courts claim, 3) violation of due process claim, and 4) SCDC correspondence claim. Therefore, Plaintiff's only remaining claim is a claim for deliberate indifference involving the Defendants McCall, Cohen, Washington, Paterson, McKie and Mervin, as set forth in ¶ ¶ 21-37 of the Complaint. See Court Docket No. 26 [Stipulation of Dismissal]; see also Court Docket No. 40 [Order] (correcting spelling of Defendant Mervin's name).

The Defendants McCall, Cohen, Paterson, and Washington filed a Rule 12 motion to dismiss on July 7, 2016. As the Plaintiff is proceeding pro se, a Roseboro Order was entered by



1

the Court on July 13, 2016, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response.  Plaintiff thereafter filed a response in opposition to these Defendants' motion on July 19, 2016, and a second response on July 22, 2016.  The Defendant McKie then also filed a motion to dismiss on August 18, 2016, and following the entry of a second Roseboro Order on August 19, 2016, Plaintiff filed his response to McKie's motion on September 9, 2016.

These motions are now before the Court for disposition.[1]

### Allegations of Plaintiff's Complaint

With respect to his sole remaining claim, Plaintiff alleges in his Verified Complaint that he is a state prisoner being held at the Ridgeland Correctional Institution (RCI).  The Defendant McCall is alleged to be the Deputy Director of Operations, the Defendant Cohen is alleged to be the Warden at the Ridgeland Correctional Institution, the Defendant Washington is alleged to be a Sergeant at the Ridgeland Correctional Institution, the Defendant Patterson is alleged to be the Director of Security at the Ridgeland Correctional Institution, the Defendant McKie is alleged to be the Director of "Region 1", and the Defendant Mervin is alleged to be a Correctional Officer at the Ridgeland Correctional Institution.

Plaintiff alleges that since his arrival at RCI on March 10, 2014, he has been assaulted by other inmates on at least three occasions, requiring medical attention.  Plaintiff faults the Defendants for failing to either discipline or criminally charge any of the inmates involved in these

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C.  All of the Defendants (except Defendant Mervin) have filed motions to dismiss.  As these are dispositive motions, this Report and Recommendation is entered for review by the Court.



assaults. Specifically, Plaintiff alleges that on January 28, 2015 he was assaulted by an inmate with a "drop cord", causing numerous welts across his back. Plaintiff alleges that even though he informed the Defendants of the inmate responsible, no disciplinary action was taken, and that Plaintiff was even placed back into the same Unit as the inmate who assaulted him. Complaint, ¶ 23. Plaintiff further alleges that on an unidentified date he was threatened by Inmate Coltran Miller. Plaintiff alleges that he informed the Defendant Mervin of the threat that had been made against him, and that Miller had also told him that he could get away with beating up the Plaintiff because he [Miller] had family (an uncle) working "on the yard". Id., ¶ 24. Plaintiff alleges that Mervin then "confronted" Miller about Plaintiff's allegations, but that once the conversation was over, Mervin left the Unit and Plaintiff was then assaulted by Miller. Id., ¶ 25. Plaintiff states that his "belief" is that Mervin was told to leave the Unit by Miller, a known gang member, prior to this assault taking place. Id., ¶ 26.

Plaintiff also alleges that while in medical on July 28, 2015, he spoke to the Defendant Cohen and a "Lt. Howard" and identified Miller as the person who attacked him, but that Cohen "took no corrective action" against Miller, nor was Miller placed into lockup as required by SCDC policy. Id., ¶ 27. Plaintiff does concede, however, that he was then moved from the Georgetown Unit to the Charleston Unit as a protective custody inmate. Id., ¶ 28. Plaintiff alleges that an investigation was then conducted by the Defendant Washington and a "Lt. Moe", during which Plaintiff informed them that Mervin had left his assigned post just prior to the assault. Even so, no corrective action was taken against Mervin for being off of his assigned post. Id., ¶ ¶ 29-30.

Plaintiff alleges that there have been numerous inmate assaults at RCI since he has been incarcerated there, and that the Defendant Cohen even placed Plaintiff back into the same Unit



as Miller in September 2014, even though Miller had previously assaulted him, following which Plaintiff was assaulted again on or about September 8, 2015 and February 5, 2016, resulting in the loss of three front teeth. Id., ¶¶ 31-32. Plaintiff alleges that the Defendants Cohen and McCall are aware of the repeated assaults at RCI through computerized records kept at the prison, but have taken no corrective action to curb the violence. Id., ¶¶ 33-34. Plaintiff alleges that he also requested through SCDC police services as well as the SCDC grievance policy that Miller be charged with assault with a weapon, but that "they refused". Id., ¶ 35.

Plaintiff alleges it is common knowledge that no inmate involved in a physical altercation or has been assaulted, as Plaintiff has been, are given "separation" from their attackers, and that in most cases they are even placed back into the same Unit or yard with their attackers. Id., ¶ 36. Plaintiff further alleges that prior to the assault of July 28, 2014, the Defendants Cohen and McCall had been made aware by the Plaintiff through the grievance system and kiosk system that officers were leaving their assigned posts, and that McCall, Paterson and McKie are all aware that RCI is understaffed and that the lack of security poses a severe risk of injuries to inmates, but that they have failed to take any corrective action to resolve the problem. Id., ¶ 37.

Plaintiff seeks monetary damages, as well as declaratory and/or injunctive relief. Plaintiff has also attached several exhibits to his Complaint in support of these claims. See generally, Complaint with attached Exhibits K [SCDC Policies], L [RCI-227-14], and M [RCI-436-15].

**Discussion**

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff.



The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters in the Complaint to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); see also Vogt v. Greenmarine Holding, LLC, 318 F.Supp. 2d 136, 144 (S.D.N.Y. 2004) ["[O]n a motion to dismiss, the Court does not weigh the strength of the evidence, and simply considers whether the complaint alleges sufficient facts which, if true, would permit a reasonable fact finder to find defendants liable."]. Further, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). As such, the only question before the Court at this time is whether Plaintiff's factual allegations (liberally construed), and any reasonable inferences which may be drawn therefrom, are sufficient to state a "plausible" claim that any of these Defendants violated Plaintiff's constitutional rights.

**Eleventh Amendment Immunity**.

Defendants first argue that they are entitled to Eleventh Amendment immunity from damages in their official capacity. However, while the Defendants are immune from a suit for damages in their official capacities, as employees of the Department of Corrections, they are subject to suit for damages under § 1983 in their individual capacities, and for injunctive relief in their official capacities. Will v. Michigan Dep't of State Police, 491 U.S. at 71; Hafer v. Melo, 112 S.Ct. 358, 365 (1991); Tankersley v. Almand, ___ F.3d ___, 2016 WL 4750603 at * 13 n. 6 (4th Cir. Sept. 13, 2016) [Finding that "because [plaintiff] seeks injunctive relief, not damages, from state officials in their official capacity, this case does not implicate any Eleventh Amendment concerns."]; Goodmon v. Rockefeller, 947 F.2d 1186 (4th Cir. 1991); Inmates v. Owens, 561 F.2d 560 (4th Cir. 1977); Golub v. Goodes, No. 09-380, 2010 WL 3702614 at * 3 (S.D.Ind. Sept. 10, 2010)["[A] claim



for injunctive relief cannot be brought against government employees in their individual capacities . . . because it is only in their official capacities that injunctive relief can be granted."]. Plaintiff seeks both types of relief in this lawsuit.

Therefore, the Defendants are not entitled to dismissal as Defendants in this lawsuit on the basis of Eleventh Amendment immunity.

### Supervisory Liability

Defendants also argue they are entitled to dismissal because Plaintiff's claim as asserted against them is based on a theory of respondeat superior, which is inapplicable to § 1983 lawsuits. See Vinnedge v. Gibbs, 550 F.2d 926, 927-929, n. 1-2 (4th Cir. 1977) [Doctrines of vicarious liability and respondeat superior are not applicable in § 1983 actions]. However, although the doctrines of vicarious liability and respondeat superior are not applicable in § 1983 cases, individuals may be held liable in a § 1983 action for an official policy or custom for which they are responsible and which resulted in illegal action. See generally, Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978); Wetherington v. Phillips, 380 F.Supp. 426, 428-429 (E.D.N.C. 1974), aff'd, 526 F.2d 591 (4th Cir. 1975); Joyner v. Abbott Laboratories, 674 F.Supp. 185, 191 (E.D.N.C. 1987); Stubb v. Hunter, 806 F.Supp. 81, 82-83 (D.S.C. 1992); See Slakan v. Porter, 737 F.2d 368, 375-376 (4th Cir. 1984), cert. denied, Reed v. Slakan, 470 U.S. 1035 (1985); Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994), cert. denied, 115 S.Ct. 67 (1994); Fisher v. Washington Metro Area Transit Authority, 690 F.2d 1133, 1142-1143 (4th Cir. 1982) (citing Hall v. Tawney, 621 F.2d 607 (4th Cir. 1980)), abrogated on other grounds, County of Riverside, 500 U.S. 44 (1991). Further, these Defendants (or any one of them) may be liable if Plaintiff can establish that they themselves engaged in conduct which denied Plaintiff his constitutional rights. See Barren v. Harrington, 152 F.3d 1193,

6



1194 (9th Cir. 1999) ["Liability . . . must be based on the personal involvement of the Defendant"], cert denied, 522 U.S. 1154 (1999); Wilson v. Cooper, 922 F.Supp. 1286, 1293 (N.D.Ill. 1996); see also Horton v. Marovich, 925 F.Supp. 540 (N.D.Ill. 1996) ["Thus, a plaintiff suing a government official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal rights"].

Here, Plaintiff alleges that the Defendants have violated his constitutional rights by being deliberately indifferent to the danger he was in at the hands of other inmates, in particular Inmate Miller. Levy v. State of Ill. Dept. of Corrections, No. 96-4705, 1997 WL 112833 (N.D.Ill. Mar. 11, 1997)["A defendant acts with deliberate indifference . . . if he or she 'knows of and disregards an excessive risk to inmate health or safety.'"]; Pruitt v. Moore, No. 02-395, 2003 WL 23851094, at * 9 (D.S.C. Jul. 7, 2003)[Deliberate or callous indifference on the part of prison officials to a specific known risk of harm states an Eighth Amendment claim], cert. denied, 2004 WL 232748 (4th Cir. 2004). Defendants argue, however, that there is "no cognizable causal link between the actions of these Defendants and the Plaintiff's injuries contained in his allegations". Rather, they contend they have had been included as party Defendants merely because they were supervisory level officials at LCI or elsewhere in the prison system.

The undersigned agrees after a careful review of Plaintiff's allegations that he has failed to set forth a "plausible claim" for failure to protect against the Defendants Washington, Paterson, or McKie. Plaintiff's only allegation against the Defendant Washington is that he was one of two officials who investigated Plaintiff's claim that Mervin had left his post, allowing him to be assaulted by Miller. This allegation does not establish that Washington had any prior knowledge of



Plaintiff being in any type of danger from Miller or anyone else, or that Washington was responsible for anything that may have happened to the Plaintiff after this incident. Horton, 925 F.Supp. 540 ["Thus, a plaintiff suing a government official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal rights"]. Plaintiff's only allegations against Paterson and McKie are his general and conclusory claim that they were aware that RCI is understaffed and that the lack of security posed a severe risk of injury to inmates. Complaint, ¶ 37. This allegation is not sufficient to establish the level of knowledge or responsibility required to maintain a failure to protect claim. Irvin v. Owens, No. 10-1336, 2012 WL 1534787 at * 4 (D.S.C. Apr. 30, 2012) [General statement that Plaintiff believed conditions at Institution placed him in danger not sufficient]; House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; Pruitt, 2003 WL 23851094, at * 9 [Only deliberate or callous indifference on the part of prison officials to a *specific known risk of harm* states an Eighth Amendment claim]; see Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) [To survive a Rule 12 motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level]; Johnson v. Bank of America, No. 09-1600, 2010 WL 1542560, at * 2 (D.S.C. April 16, 2010)["Mere legal conclusions [are] not entitled to a presumption of truth"]; Johnson v. Holder, No. 11-2650, 2012 WL 4587355, * 1 (D.S.C. Sept. 28, 2012) ["More than labels and conclusions [are required], and a formulaic recitation of the elements of a cause of action will not do"] (quoting Twombly, 550 U.S. at 555), adopted by, 2013 WL 314753 (D.S.C. Jan. 28, 2013); Frey v. City of Herculaneum, 44 F.3d at 671 ["Complaint must contain facts which state a claim as a matter of law and must not be conclusory"]; see also Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)[Plaintiff has

8



burden of alleging facts sufficient to state all the elements of a claim].

With respect to the Defendants Cohen and McCall, however, Plaintiff has set forth facts to establish a "plausible claim for relief" sufficient to avoid dismissal of his claims against these two Defendants at this time. See Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 248 (4th Cir. 2005)["Courts should not dismiss a complaint for failure to state a claim unless 'after accepting all well-pleaded allegations in the Plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief'"], citing Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). Plaintiff alleges in his Complaint that he specifically spoke to Cohen, the Warden at LCI, on July 28, 2015 and identified Miller as being the person who had attacked him, but that Cohen took no corrective action and did not even place Miller into lockup, as required by SCDC policy. Complaint, ¶ 27. Plaintiff further alleges that Cohen had even placed him back into the same unit as Miller back in September 2014, even though Miller had previously assaulted him, and following which Plaintiff was again assaulted on or about September 8, 2015 and February 5, 2016, which resulted in Plaintiff losing three of his front teeth. Id., ¶¶ 31-32. Plaintiff further specifically alleges that both Cohen and McCall, the Deputy Director of Operations, were both aware of the repeated assaults at RCI through the computerized records kept at the prison, but took no corrective action to curb the violence and assaults taking place, including that inmates involved in physical altercations are not being separated and that in most cases victims are even placed back onto the same unit or yard with their attackers; Id., ¶¶ 33-36; that both Cohen and McCall had been specifically made aware by the Plaintiff through the grievance system and kiosk system, prior to his being assaulted on July 28, 2014, that officers were leaving their assigned posts, but again neither took any corrective action to resolve this problem; Id., ¶¶ 37; and that this is exactly



what led to his being assaulted by Miller. Id., ¶ ¶ 24-26.

Giving Plaintiff's Complaint the liberal construction to which he is entitled as a pro se litigant, these allegations state a claim against Cohen and McCall sufficient to survive a Rule 12 motion to dismiss at this time. See Wilkins, 2016 WL 806169 at * 3 ["A prison official's subjective actual knowledge can be proven through circumstantial evidence showing, for example, that the risk of [assault] was long standing, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the Defendant-official being sued had been exposed to information concerning the risk and thus must have known about it".] (quoting Makdessi v. Fields, 789 F.3d 126, 133 (4th Cir. 2015)); Farmer v. Brennan, 511 U.S. 825, 837 (1994) [A prima facie case of deliberate indifference may be established where a plaintiff alleges "that a substantial risk of [serious harm] was long standing, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus 'must have known' about it"]; Levy, No. 96-4705, 1997 WL 112833 ["A defendant acts with deliberate indifference . . . if he or she 'knows of and disregards' an excessive risk to inmate health or safety]; Bagola v. Kindt, 131 F.3d 632, 646 (7th Cir. 1997) [Prison officials may be liable under the Eighth Amendment where they intentionally ignore a known risk, even if they did not intend that a known risk would actually harm the inmate]; see also O'Neill v. Krzeminski, 839 F.2d 9, 11-12 (2nd Cir. 1988)[observing that officer who stands by and does not seek to assist a victim may be liable as a "tacit collaborator"].

While Plaintiff's allegations with respect to these two Defendants may be fairly characterized as "bare boned", discovery should flesh out these claims, and if either of these two Defendants believes the evidence adduced through discovery does not support Plaintiff's claim



against them, they may then file a Rule 56 motion for summary judgment at a proper time. However, Plaintiff's allegations against these two Defendants are sufficient to avoid dismissal on the grounds of "failure to state a claim" at this early stage of the proceedings. Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002)["[W]hen [dismissal for failure to state a claim] involves a civil rights complaint, 'we must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged'"], citing Harrison v. United Postal Service, 840 F.2d 1149, 1152 (4th Cir. 1988); Wilkins, 2016 WL 806169, at * 3-4 [Official may be liable where they had knowledge of a substantial risk of assault or other substantial risk of harm to an inmate and took insufficient actions to mitigate the risk of harm to the inmate]; see also Vogt v. Greenmarine Holding, LLC, 318 F.Supp. 2d 136, 144 (S.D.N.Y. 2004) [Finding that Plaintiffs had asserted sufficient facts to allege improper conduct by the named defendants, and that "[w]hether plaintiffs will be able to demonstrate the truth of those facts after discovery is an entirely different question, but plaintiffs are entitled to make the attempt"].

## Qualified Immunity

Finally, these Defendants also argue they are entitled to dismissal on the basis of qualified immunity. The doctrine of qualified immunity shields government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). However, at the time of the events set forth in Plaintiff's Complaint, it was certainly well established, as is shown by the case law cited herein, that a prison official could be held liable to a prisoner if they knew of and disregarded an excessive risk



to the inmate's health or safety.  Levy, 1997 WL 112833 ["A defendant acts with deliberate indifference . . . if he or she 'knows of and disregards' an excessive risk to inmate health or safety];see also Pruitt, 2003 WL 23851094, at * 9 [Deliberate or callous indifference on the part of prison officials to a specific known risk of harm states an Eighth Amendment claim], cert. denied, 2004 WL 232748 (4th Cir. 2004).

Therefore, while whether either Cohen or McCall violated this standard of care has yet to be established, they are not entitled to dismissal of Plaintiff's claims on the basis of qualified immunity in light of the allegations of the Complaint.  See generally, Austen v. Catterton Partners V, LP, 709 F.Supp.2d 168, 172 (D.Conn. 2010) [Iqbal's plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct].  And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely"] (citing Bell Atlantic Corp., 550 U.S. at 555 (internal quotation marks and citations omitted)).

**Conclusion**

Based on the foregoing, it is **recommended** that the motions to dismiss filed by the Defendants Washington, Paterson and McKie be **granted**, and that these three individuals be **dismissed** as party Defendants in this case.  However, the motion to dismiss filed by the Defendants McCall and Cohen should be **denied** for the reasons stated.



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 19, 2016
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

