UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Michael J. Ferola, | ) | Civil Action No.: 9:16-cv-00547-RBH-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Michael McCall, Levern Cohen, | ) | |
| Sgt. Michael Washington, Dennis | ) | |
| Paterson, D. Mervin, and Bernard | ) | |
| McKie, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Michael J. Ferola, proceeding pro se,[1] brings this action pursuant to 42 U.S.C. § 1983 against the six above-captioned Defendants, five of whom have filed motions to dismiss. *See* ECF Nos. 28 & 48. The matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 for the District of South Carolina.[2] *See* R & R, ECF No. 52. The Magistrate Judge recommends that the Court grant in part and deny in part the motions to dismiss. R & R at 12. Plaintiff has filed timely objections to the R & R. *See* Pl.'s Objs., ECF No. 55. No Defendants have filed objections to the R & R.

---

[1] Plaintiff was a state prisoner at the time he filed his complaint. *See* ECF No. 1. On January 12, 2017, Plaintiff filed a notice of change of address stating he was released from prison on December 30, 2016. *See* ECF No. 67.

[2] The Magistrate Judge reviewed Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

**Standard of Review**[3]

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

**Discussion**[4]

In his verified complaint, Plaintiff alleges Defendants acted with deliberate indifference by failing to protect him from assaults by other inmates while he was incarcerated at Ridgeland

---

[3] The Magistrate Judge's R & R sets forth the correct legal standards for a Rule 12(b)(6) motion to dismiss and review of pro se filings. *See* R & R at 4-5. The Court adopts and incorporates that law by reference without repeating it here.

[4] The R & R contains a full summary of the procedural and factual history of this case, as well as the applicable law pertaining to § 1983 deliberate indifference claims and supervisory liability. The Court adopts and incorporates by reference those facts and law by reference without repeating it here.

Correctional Institution, thereby violating the Eighth Amendment's prohibition against cruel and unusual punishment. *See* Complaint [ECF No. 1] at ¶¶ 21-37. Plaintiff identifies "at least" three assaults by Inmate Coltran Miller that allegedly occurred on July 28, 2015, September 8, 2015, and February 5, 2016. *Id.* at ¶¶ 23-27, 32. Plaintiff has attached several exhibits to his complaint, including copies of grievances that he filed with prison officials. *See* ECF No. 1-1. Plaintiff names six prison officials as defendants: Michael McCall, Levern Cohen, Sgt. Michael Washington, Dennis Paterson, D. Mervin, and Bernard McKie. *Id.* Five of these six Defendants—McCall, Cohen, Washington, Paterson, and McKie—have filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* ECF Nos. 28 & 48. The Magistrate Judge recommends granting in part and denying in part these motions. R & R at 12. Specifically, the Magistrate Judge recommends: (1) granting the motion to dismiss filed by Washington, Paterson, and McKie; and (2) denying the motion to dismiss filed by McCall and Cohen. *Id.* Plaintiff has filed timely objections to the R & R. *See* Pl.'s Objs. [ECF No. 55]. No Defendants have filed objections or a reply to Plaintiff's objections.

Plaintiff objects to the dismissal of Paterson and McKie as defendants.[5] In the R & R, the Magistrate Judge found that Plaintiff

> has failed to set forth a "plausible claim" for failure to protect against the Defendants Washington, Paterson, or McKie. . . . Plaintiff's only allegations against Paterson and McKie are his general and conclusory claim that they were aware that RCI [Ridgeland Correctional Institution] is understaffed and that the lack of security posed a severe risk of injury to inmates. Complaint, ¶ 37. This allegation is not sufficient to establish the level of knowledge or responsibility required to maintain a failure to protect claim.

---

[5]     Plaintiff does ***not*** specifically object to the Magistrate Judge's recommendation that Washington be dismissed. *See* R & R at 7-8. Finding no clear error, the Court adopts this recommendation and will dismiss Washington from this action. *See Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 199-200.

3

R & R at 7-8. In his objections, Plaintiff contends Paterson and McKie can be held liable under a theory of supervisory liability based on *Farmer v. Brennan*, 511 U.S. 825 (1994), *Slakan v. Porter*, 737 F.2d 368 (4th Cir. 1984),[6] and *Wellington v. Daniels*, 717 F.2d 932 (4th Cir. 1983). Pl.'s Objs. at 1-2. Plaintiff refers to grievances that he filed with prison officials, and he claims Paterson and McKie were on notice of the threat to his safety by virtue of these grievances.

**I.    Paterson**

In his objections, Plaintiff states, "In a grievance I filed over officers leaving their assigned post a **year** prior to the assault[,] I placed defendant Patterson on notice of inmates being assaulted as a result of no officer. Defendant Patterson closed out said grievance and signed it [and] thus can be held liable under both" *Farmer* and *Slakan*. Pl.'s Objs. at 1 & n.1. Plaintiff is referring to a grievance form[7] that he signed on May 30, 2014; he attached this grievance to his complaint as Exhibit L and refers to it in paragraph 37 of his complaint.[8] *See* Compl. at ¶ 37; ECF No. 1-1 at 26 (Exhibit L). The grievance describes how "officers are permitted to leave their assigned post for hours at a time," which "makes available chances for inmates . . . to be . . . assaulted." *Id.* The grievance also contains a section entitled "Responsible Official's Decision and Reason" with a negative response[9] and an illegible signature; according to Plaintiff, the signature is Paterson's.

When deciding a motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6), the

---

[6]    The Magistrate Judge cites both *Farmer* and *Slakan* in the R & R. *See* R & R at 6, 10.

[7]    Specifically, this was a Step 2 grievance form filed through the Inmate Grievance System administered by the South Carolina Department of Corrections. *See* ECF No. 1-1 at 26 (grievance attached to complaint); ECF No. 55-1 at 2 (same grievance attached to objections).

[8]    Plaintiff also includes this grievance form with his objections. *See* ECF No. 55-1 at 2 (attachment to objections).

[9]    The response states in relevant part: "I have reviewed your grievance. You allege officers at Ridgeland Correctional Institution are leaving their post in violation of policy." ECF No. 1-1 at 26 (Exhibit L).

Court must accept all well-pled facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). A court must "also consider documents that are explicitly incorporated into the complaint by reference, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007), and those attached to the complaint as exhibits, *see* Fed. R. Civ. P. 10(c)." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016). " A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

Because the grievance was explicitly incorporated into Plaintiff's complaint by reference and attached as Exhibit L, and because this Court must assume Plaintiff's pro se allegations are true and draw all reasonable inferences in his favor for purposes of Rule 12(b)(6), the Court finds Paterson should not be dismissed at this time. Similar to the Magistrate Judge's recommendation concerning Cohen and McCall (who are *not* being dismissed), Plaintiff "has set forth facts to establish a 'plausible claim for relief'" because Paterson "had been specifically made aware by the Plaintiff through the grievance system . . ., prior to his being assaulted on July 28, 2014, that officers were leaving their assigned posts, but [Paterson] took [no] corrective action to resolve this problem; and that this is exactly what led to his being assaulted by Miller." R & R at 9-10 (citing Compl. at ¶¶ 24-26, 37); *cf. id.* at 10 ("Giving Plaintiff's Complaint the liberal construction to which he is entitled as a pro se litigant, these allegations state a claim against Cohen and McCall sufficient to survive a Rule 12 motion to dismiss at this time."). Significantly, the grievance was signed by Plaintiff on May 30, 2014, and allegedly signed by Paterson on August 12, 2014—nearly a year before the first of the alleged three assaults

occurred. *See* ECF No. 1-1 at 26 (Exhibit L). The Court respectfully rejects the Magistrate Judge's recommendation to grant Paterson's motion to dismiss.[10]

## II.   McKie

In his objections, Plaintiff asserts McKie can also be held liable under a theory of supervisory liability. Pl.'s Objs. at 1-2. As with Paterson, Plaintiff contends McKie was "placed on direct notice of the repeated assaults occur[r]ing at Ridgeland between a two year period and failed to take any corrective action and allowed said practices to continue, and therefore can be held liable." *Id.* at 2. In support of this contention, Plaintiff refers to "a grievance filed with defendant McKie after the assault which he denied." *Id.* at 1 & n.2. Although Plaintiff has attached a copy of the grievance (which was signed by Plaintiff on January 20, 2016, and allegedly by McKie on March 24, 2016) to his objections, he did ***not*** attach it to his complaint or otherwise file it before the Magistrate Judge issued the R & R.[11]

Having reviewed Plaintiff's complaint and all attached exhibits, the Court agrees with the Magistrate Judge that "Plaintiff's only allegations against . . . McKie are his general and conclusory claim that [McKie was] aware that RCI is understaffed and that the lack of security posed a severe risk of injury to inmates. Complaint, ¶ 37. This allegation is not sufficient to establish the level of knowledge or responsibility required to maintain a failure to protect claim." R & R at 8. Accordingly,

---

[10]   Similar to the Magistrate Judge's recommendation regarding Cohen and McCall, the Court likewise notes that while Plaintiff's allegations against Paterson "may be fairly characterized as 'bare boned,' discovery should flesh out these claims, and if [Paterson] believes the evidence adduced through discovery does not support Plaintiff's claim against [him], [Paterson] may then file a Rule 56 motion for summary judgment at a proper time." R & R at 10-11.

[11]   Plaintiff cannot use his objections to plead new facts not alleged in his complaint. *See* 28 U.S.C. § 636(b)(1) (providing de novo review encompasses a "determination of those portions of the report or specified proposed findings or recommendations to which objection is made"); Fed. R. Civ. P. 72(b)(2)-(3) (same); *cf. United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992) (specifying a district court has the duty "to consider all *arguments* . . . , regardless of whether they were raised before the magistrate" (emphasis added)); *Backus v. Cox*, No. 4:13-CV-00881-RBH, 2013 WL 5707328, at *2 (D.S.C. Oct. 18, 2013) ("Plaintiff, however, cannot use his objections to plead new claims or cure the factual defects of his existing claims against Defendant . . . ."). Additionally, Plaintiff has not moved to amend his complaint to incorporate the grievance as an exhibit.

the Court adopts the Magistrate Judge's recommendation to grant McKie's motion to dismiss.

## Conclusion

The Court has thoroughly reviewed the entire record, including Plaintiff's complaint and attached exhibits, the Magistrate Judge's R & R, and Plaintiff's objections. The Court has conducted a de novo review of those portions of the R & R to which Plaintiff specifically objects. For the reasons stated in this Order, the Court respectfully **ADOPTS IN PART AND REJECTS IN PART** the R & R [ECF No. 52].

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** the motions to dismiss filed by Defendants McCall, Cohen, Washington, Paterson, and McKie [ECF Nos. 28 & 48]. The Court **DISMISSES** Defendants Washington and McKie from this case. Defendants McCall, Cohen, Paterson, and Mervin remain as defendants in this case. The Court recommits this case to the Magistrate Judge for further pretrial handling.

**IT IS SO ORDERED.**

Florence, South Carolina  
February 7, 2017

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge